**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CONTINENTAL REAL ESTATE | : | |
| COMPANIES | : | |
| 150 E. Broad Street | : | |
| Columbus, Ohio 43215 | : | Case No. _____ |
| | : | |
| Plaintiff, | : | Judge _____ |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES SMALL BUISINESS | : | |
| ADMINISTRATION; Isabella Casillas Guzman, | : | |
| in her official capacity as Administrator | : | |
| Of the Small Business Administration | : | |
| | : | |
| | : | |
| THE UNITED STATES OF AMERICA | : | |
| c/o Kenneth L. Parker, U.S. Attorney | : | |
| Southern District of Ohio | : | |
| United States Attorney's Office | : | |
| 303 Marconi Boulevard, Suite 200 | : | |
| Columbus, Ohio 43215 | : | |
| | | |
| Defendants. | | |

**PETITION FOR JUDICIAL REVIEW & COMPLAINT FOR DECLARATORY**
**JUDGMENT**

**NOW COMES** the Plaintiff, Continental Real Estate Companies (hereinafter referred to

as the "Plaintiff" or "Continental"), by and through counsel, and respectfully asks this Court to

grant declaratory relief, hold unlawful and set aside the final agency actions of the United States

Small Business Administration related to the Plaintiff's first draw Paycheck Protection Program

(PPP) loan. In support of its Complaint, the Plaintiff states as follows:

**I.      INTRODUCTION**

1.      Continental operates a professional real estate consulting business in Columbus,

Ohio. Continental is hired by real estate developers to provide professional services such as

legal, accounting, finance, engineering, and architectural services. Continental employs highly skilled, educated professionals like attorneys, architects, engineers, and accountants to provide these services to its clientele.

2. In April 2020, the Plaintiff applied for and received a first draw PPP loan for $2,922,700.

3. The Plaintiff used the proceeds from the first-draw loan for its intended purpose of continuing to employ and pay its employees' wages during and through the COVID pandemic.

4. On September 16, 2021, Continental submitted a Loan Forgiveness Application seeking forgiveness for $2,872,765.70. Continental's loan forgiveness application was approved, and the loan forgiven by the issuing bank (Huntington National Bank).

5. At issue in this case is what happened after Huntington Bank forgave Continental's first draw PPP loan. Specifically, in January 2022, the SBA notified Continental that it was reviewing its PPP loan and related forgiveness determination. After completing a review, the SBA issued two (2) different Final SBA Loan Review Decisions. Continental successfully appealed the first Loan Review Decision to the SBA's Office of Hearings and Appeals ("OHA"). After this successful challenge, the SBA issued a second Loan Review Decision. This second Loan Review Decision, and the OHA Decision sustaining the SBA's decision is the basis for this appeal.

6. In its second Final SBA Loan Review Decision, issued on December 10, 2022, the SBA determined that Continental was a passive business and was ineligible for the first draw PPP loan under the SBA's "Ineligibility Rule" under 13 CFR §120.110(c) that renders certain businesses ineligible to receive PPP loans. The OHA sustained the SBA's position, and denied

the Plaintiff's Motion for Reconsideration, with its Decision issued on April 14, 2023. A copy of this April 14, 2023 Decision is appended hereto as Exhibit A.

7.     As a result of the OHA's Decision on April 14, 2023, that sustained the disallowance of forgiveness of the $2,872,765.70 first draw PPP loan, Continental is required to immediately begin repaying this loan.

8.     The Plaintiff seeks a declaratory judgment from this Court to declare unlawful the SBA's application of the Ineligibility Rule to Continental's first draw PPP loan.

9.     The Plaintiff contends that the SBA's Ineligibility Rule exceeds its statutory authority and should be held unlawful and the SBA's loan review decision, and the OHA's Final Decision on April 14, 2023, should be set aside.

10.     The Plaintiff also contends that the SBA's final loan review decision, and the OHA's Decision issued on April 14, 2023, are unlawful and should be set aside because they are arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law.

11.     Finally, the Plaintiff also contends that the SBA's loan review decision and the OHA's Final Decision issued on April 14, 2023, are based upon a clear error of fact and law as Continental is not a passive entity, as that term is described in 13 CFR §120.110(c).

## II.     VENUE AND JURISDICTION

12.     This Court has subject matter jurisdiction under 28 U.S.C. Section 1331 (federal question), 5 U.S.C. Sections 702 & 704 (judicial review of final agency action), and 28 U.S.C. §§2201 and 2202 (authorizing declaratory relief). The SBA regulations also provide for federal district court review of a final decision of the SBA's Office of Hearings and Appeals pursuant to 13 CFR §134.1211(g).

13.     This complaint seeks review of the OHA's Final Decision that was issued on April 14, 2023. Thirty days has passed since the OHA's Final Decision was entered and this Decision is a final agency action under 5 U.S.C. §704 and 13 C.F.R. §134.1211(c)(3).

14.     This complaint also seeks a declaratory judgment from this Court to declare unlawful and set aside the SBA's emergency regulations issued on April 2, 2020, making the provisions of 13 CFR 120.110 applicable for determining eligibility for the first draw PPP loans. The SBA's emergency regulations set forth in 85 Fed. Reg. 20811-01, and the applicable "Ineligibility Rule" set forth in 13 CFR §120.110, are final agency actions under 5 U.S.C. Section 704.

15.     The Plaintiff, Continental Real Estate Companies, is an Ohio corporation with its principal offices located at 150 E. Broad Street, Columbus, Franklin County, Ohio, within the Southern District of Ohio, Eastern Division.

16.     The Defendant is the United States of America – specifically acting through the Small Business Administration (SBA). The SBA administers the PPP pursuant to the CARES Act.

17.     Administrator Isabella Casillas Guzman is the Administrator of the SBA and oversees its operations; she is sued in her official capacity.

18.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(e) and 5 U.S.C. §703 because the Plaintiff operates its business within the Southern District of Ohio, Eastern Division, and a substantial part of the events giving rise to the claim occurred within this Federal district.

19. This Court has jurisdiction to set aside an agency action if it finds the action to be unsupported by substantial evidence. 5 U.S.C. §706(2)(E).

20. This Court has jurisdiction to set aside an agency action if it finds the action to be arbitrary and capricious, an abuse of discretion, or, otherwise not in accordance with the law. 5 U.S.C. §706(2)(A).

### III.  STATEMENT OF FACTS

21. On April 17, 2020, Continental made an application for a First Draw Paycheck Protection Program ("PPP") loan in the amount of $2,922,700 with the Huntington National Bank ("HNB"). On April 23, 2020, HNB approved the loan and disbursed the funds to the Plaintiff. The covered period for this loan was the 2nd quarter of 2019 through the 1st quarter of 2020. Continental's eligibility for the PPP loan was based upon the employee-based size standard.

22. Continental used the PPP loan for its intended purpose of continuing to employ and pay its employees' wages during and through the COVID pandemic and, consistent with the relief being provided by Congress to small businesses, fully expected that the loan would be forgiven and would not have to be repaid.

23. During the covered period of Continental's first draw PPP loan, it employed numerous full-time professional employees. Continental hired, controlled, and paid each of these employees. These employees were well paid, received benefits, and received W-2s from Continental. Most received benefits such as healthcare and retirement plan access. These employees served as the core of Continental's business model. These employees provided sophisticated professional services on a day-to-day basis.

24. In 2019, Continental employed over 170 full-time employees. In 2019, Continental paid over $15 MILLION in gross wages to its employees. In 2020, after the sale of it's construction

line in mid-2019, Continental continued to employ full-time professional employees. In the first quarter 2020, Continental employed 62 full-time professional employees. During the relevant period, Continental employed hard working, wage earning, full-time employees. These workers were not passive. Their jobs required hard, earnest, professional, and full-time work and effort.

### A.  Continental's Request for Loan Forgiveness

25.     On September 16, 2021, Continental submitted a Loan Forgiveness Application seeking forgiveness for $2,872,765.70 of its PPP loan. On November 1, 2021, The Huntington National Bank (the Lender) issued a Notice of PPP Loan Forgiveness Eligibility Determination approving Continental's forgiveness application in full in the amount of $2,872,765.70. This Lender Determination was sent to the SBA by The Huntington National Bank.

26.     In January 2022, the SBA notified Continental that it was going to review its PPP loan and related forgiveness determination. The SBA conducted a lengthy examination of Continental's PPP loan and forgiveness determination.

27.     On September 12, 2022, the SBA issued its first Final Loan Review Decision that set forth the SBA's determination that Continental's business, together with its affiliates, exceeded the maximum allowable number of employees and the SBA small business size standards. The September 12, 2022, letter did not provide any listing of entities that were deemed to be affiliates of Continental. There was no explanation provided regarding how/why affiliation was determined.

28.     Continental filed a timely appeal of this determination with the Office of Hearings and Appeals (OHA). After Continental filed its appeal, the SBA conceded that its size determination was erroneous and withdrew its September 12, 2022, Final Loan Review Decision.

29.     Subsequently, the SBA initiated a **second** examination. This second examination consisted of no inquiries other than a request for Continental's 2019 federal tax return and 2019 profit and loss statement.

30.     Continental quickly provided the two requested documents to the SBA examiner. There was no further interaction or correspondence with the SBA examiner. No questions were asked of Continental related to its business operations or activities.

31.     The SBA, after reviewing only the 2019 federal tax return and 2019 profit and loss statements (and apparently running an internet search) issued the December 10, 2022, Final Loan Review Decision. This December 10, 2022, Final Loan Review Decision denied Continental's PPP loan forgiveness based upon the finding that Continental was ineligible for the first draw PPP loan and forgiveness due to it being organized and operated as an ineligible passive entity. A copy of the December 10, 2022, Final Loan Review Decision is appended hereto as Exhibit B.

**B.     Continental's OHA Appeal of the December 10, 2022, Final Loan Review Decision**

32.     On January 6, 2023, Continental timely filed an appeal of the SBA's Final Loan Review Decision with the SBA's OHA contending that its determination for its First Draw PPP loan was erroneous because: (1) the applicable case precedent in the Federal Sixth (6th) Circuit Court of Appeals squarely rejects the application of this ineligibility provision to first draw PPP loans, see *DV Diamond Club of Flint, LLC v. v. SBA*, 960 F.3d 743 (6th Cir. May 15, 2020) and (2) Continental was not a ineligible passive entity.

33.     On March 21, 2023, the OHA denied the Plaintiff's appeal of the SBA's Final Loan Review Decision. A copy of the March 21, 2023, Decision is appended hereto as Exhibit C.

34.     On March 30, 2023, the Plaintiff timely filed with the OHA a Petition of Reconsideration of its March 21, 2023, decision.

35.     On April 14, 2023, the OHA issued a Final Decision denying the Plaintiff's Petition of Reconsideration.

**C.     OHA's April 14, 2023, Decision**

36.     The OHA's Final Decision on April 14, 2023, sustained the SBA's Final Loan Review Decision and denied Continental's Petition for Reconsideration.  The OHA held that the Plaintiff was ineligible for the first draw PPP loan and related forgiveness on the basis that it was an ineligible passive entity.

37.     In its decision, the OHA Administrative Law Judge made clear that the OHA did not have jurisdiction to determine the constitutional and statutory interpretive issue of whether the 'passive investor' ineligibility rules could be applied to first draw PPP loans.  More specifically, the OHA Administrative Law Judge pointed out that "the Administrative Law Judge has **no authority to decide the constitutionality of an SBA law, regulation, or policy or to interpret such contrary to SBA's established regulation or policy**" and "[t]hus, the task at hand is to determine whether the adopted regulations and policies have been appropriately applied to the facts of the case."  Decision, p. 4.

38.     The OHA's April 14, 2023 Final Decision concluded that Continental was wrong in arguing that it was an active business.  The OHA's decision was based upon the Administrative Law Judge's finding that Continental identified itself as a development company "in all of its documentation."  The OHA's decision also concluded that the owners of Continental self-identified as developers.

39.     Based upon these alleged self-identifiers, the OHA determined that Continental was "a passive business owner by developers and landlords that do not actively use or occupy the assets acquired or improved with the loan proceeds."

40.     Thirty days have passed since the OHA issued its April 14, 2023 Final Decision and the Decision has become final and appealable to this Court.

## IV.     STATUTORY FRAMEWORK OF FIRST DRAW PPP LOANS

41.     In March 2020, Congress enacted the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020).   A primary purpose of the CARES Act was ensuring continued employment and income for millions of employees of American small businesses.   To accomplish that critical goal, Congress created the PPP loan program as part of the CARES Act.

42.     Through the implementation of the CARES Act, there have been two distinct rounds of funding (known as first round or first draw PPP loans and second round/draw loans). The PPP loan at issue in this case was made to the Plaintiff under the first round/draw.

43.     The PPP loan provisions of the CARES Act legislation is codified in 15 U.S.C. Section 636(a)(36).  A copy of the statute is appended hereto as Exhibit D.  Congress placed the PPP under Section 7(a) of the Small Business Act, 15 U.S.C. Section 636(a).

44.     These first draw PPP loans are made pursuant to and governed by the PPP legislation in 15 U.S.C.§636(a)(36).[1]

---

[1] The second draw PPP loans are governed by subsequently enacted legislation set forth in 15 U.S.C. Section **636(a)(37)**.   In this statute, Congress expressly referenced certain entities as ineligible for the SECOND DRAW loans. Specifically, 15 U.S.C. §636(a)(37)(iv)(III)(aa) expressly provides that the term "eligible entity" does not include "any entity that is a type of business concern (or would be, if such entity were a business concern) described in section 120.110 of Title 13, Code of Federal Regulations…."   Thus, there are no cases interpreting the eligibility requirements under the second draw PPP loans or the eligibility issue under that statute

45.     15 U.S.C. § 636(a)(36) includes the eligibility requirements for the first draw PPP loans.  Specifically, 15 U.S.C. §636(a)(36)(D) provides that any business concern shall be eligible to receive the first draw PPP loan if the business concern does not employ more than 500 employees, or it otherwise meets the size standard and number of employees established by the SBA for its industry.  This is the only eligibility requirement set forth in the CARES Act related to the first draw PPP loans.

46.     The CARES Act, in 15 U.S.C. §636(a)(36)(B), also provides that the SBA Administrator may guarantee the PPP loans "under the same terms, conditions, and processes as a loan made under this subsection (i.e. Section 636(a)(36))."

47.     Despite the clear guidance from Congress in the CARES Act making the first draw PPP loans available to "any business concern" that meets the applicable size requirements, the SBA adopted emergency regulations that added additional eligibility requirements.

48.      The emergency regulation that is at issue in this case was issued on April 2, 2020 (85 Fed. Reg. 20811-01) and made effective April 15, 2020.  This regulation adopted the "Ineligibility Rule" set forth in 13 CFR §120.110.

49.     The Ineligibility Rule provides that businesses that are identified in 13 CFR §120.110 and described further in SBA's Standard Operating Procedure (SOP_50 10, Subpart B, Chapter 2) are ineligible for first draw PPP loans.  Included within the list of ineligible businesses are (1) passive businesses owned by developers and landlords that do not actively use or occupy the assets acquired or improved with the loan proceeds, (2) businesses that present live performances of a prurient sexual nature (i.e. strip clubs), (3) life insurance companies, (3) and

---

since it was expressly clarified by Congress in this legislation by incorporating into the statute 13 CFR 120.110.

financial businesses engaged in lending (i.e. banks and finance companies), and many other types of businesses.

50.     Many courts reviewed the SBA's authority to adopt the Ineligibility Rule in the first draw PPP loans.  In these judicial reviews, courts focused on two specific provisions within 15 U.S.C. §636(a)(36).

51.     The first provision is the eligibility provisions set forth in Section 636(a)(36)(D). That provision reads as follows:

> (D)  Increased eligibility for certain small businesses and organizations.
>
>> (i)     In general. During the covered period, in addition to small business concerns, any business concern, nonprofit organization, housing cooperative, veterans organization, or Tribal business concern described in section 31(b)(2)(C) [15 USCS Section 657a(b)(2)(C)] shall be eligible to receive a covered loan if the business concern, nonprofit organization, housing cooperative, veterans organization, or Tribal business concern employees not more than the greater of-
>>
>>> (I)  500 employees; or
>>> (II) if applicable, the size standard and number of employees established by the Administration for the industry in which the business concern, nonprofit organization, housing cooperative, veterans' organization, or Tribal business concern operates.
>>
>> (ii)     Inclusion of sole proprietors, independent contractors, and eligible self-employed individuals
>>
>>> (I)     In general.  During the covered period, individuals who operate under sole proprietorship or as an independent contractor and eligible self-employed individuals shall be eligible to receive a covered loan.

52.     The Sixth Circuit, in *DV Diamond Club of Flint, LLC v. v. SBA*, 960 F.3d 743 (6th Cir. May 15, 2020) interpreted this provision to mean that the size limitations are the only qualifications to be eligible for the PPP loan and no other rules or regulations apply.  See also, *Camelot Banquet Rooms, Inc. v. SBA* (CAMELOT #1), 458 F. Supp.3d 1044 (E.D. Wisconsin 5/1/20), and *United States SBA v. Weather King Heating & Air, Inc*., 2-23 U.S. Dist. LEXIS 16568 (N.D. Ohio January 31, 2023).

53.     In *DV Diamond Club*, the Sixth Circuit utilized the two-step framework outlined in *Chevron, U.S.A., Inc. v. Natural Res. Defense Council, Inc.*, 467 U.S. 837 (1984) to determine whether the SBA's Ineligibility Rule exceeded the SBA's statutory authority.  The Sixth Circuit concluded that "by specifying 'any business concern," Congress made clear that the SBA's longstanding ineligibility rules are inapplicable given the current circumstances.  Neither may the SBA continue to apply these rules pursuant to §636(a)(36)(B)."  *Id.*

54.     The Eastern District of Michigan, in *National Home Builders v. SBA*, 2021 U.S. Dist. LEXIS 186548 (E.D. Mich. September 28, 2021)(**vacated** by 6th Cir. in 2023 U.S. App. LEXIS 908), considered whether the SBA's use of the "passive entity" ineligibility rule in 13 CFR 120.110(c) was unlawful.  In agreement with the Sixth Circuit's *DV Diamond Club* decision, the Eastern District of Michigan declared the SBA's Ineligibility Rule to be invalid for first draw PPP loans.  Although this Eastern District of Michigan case was vacated and is no longer valid nor carries any precedential value, the Eastern District of Michigan's analysis is persuasive authority for the issues involved in this case.

55.     Specifically, the Eastern District of Michigan's decision was appealed to the Sixth Circuit.  After the SBA granted and/or forgave the SBA loans to the passive entity homebuilder

plaintiffs, the parties filed a motion to vacate the Eastern District of Michigan's decision as moot. The 6th Circuit agreed and vacated the Eastern District of Michigan decision (but not on any of the grounds related to its legal analysis of the issues).

56.     The second provision that some courts have examined to determine whether the SBA's ineligibility regulations are applicable or unlawful is set forth in Section 636(a)(36)(B). That section provides as follows.

> (B)  Paycheck protection loans.  Except as otherwise provided in this paragraph, the Administrator may guarantee covered loans **under the same terms, conditions, and processes as a loan made under this subsection.**

57.     These reviewing courts construed the terms *"**same terms, conditions, and processes as a loan made under this subsection,**"* as Congress intending to automatically incorporate the ineligibility provisions historically used by the SBA for Section 7(a) loans.  See, *Pharoahs GC, Inc. v. SBA*, 990 F3d. 217 (2nd Cir. March 4th, 2021).

58.     This distinction between the broad interpretation (PPP loans should apply to all businesses that meet the size limitations) versus the narrow interpretation (Congress intended the normal ineligibility rules of the 7(a) loan programs to apply to PPP including the passive investor and prurient interest rules) is the core issue in Continental's appeal.

## V. COUNT ONE
### Claim for Declaratory Judgment
### SBA's Ineligibility Rule Unlawful- Exceeds the SBA's Statutory Authority
### 28  U.S.C. §§ 2201 and 2202

59.     The Plaintiff incorporates herein paragraphs 1 through 58 as if fully stated herein.

60.     The OHA Administrative Law Judge's March 21, 2023 and April 14, 2023 Decisions were limited to determining whether the SBA's regulations were appropriately applied to the facts of the case.  The OHA had no authority to decide the constitutionality of the SBA law,

regulation, or policy or to interpret the regulations contrary to the SBA's established regulation or policy.

61.     Pursuant to 28 U.S.C. §§2201 and 2202, this case involves a constitutional inquiry regarding the lawfulness of the SBA's Ineligibility Rule and such issue has created a substantial controversy between the Plaintiff and Defendant.

62.     A declaratory judgment on the unlawfulness of the application of SBA's Ineligibility Rule to the first draw PPP loans is necessary to prevent the Plaintiff from being required to repay its substantial first draw PPP loan.

63.     As determined by the Sixth Circuit in *DV Diamond Club*, the SBA's Ineligibility Rule exceeds the SBA's statutory authority and is in clear conflict with Congress express intent for the first draw PPP loans to be made available to "any business concern" that meets the applicable size standards.

64.     For each of these reasons, the Plaintiff seeks a declaratory judgment from this Court declaring the SBA's Ineligibility Rule unlawful and not applicable for purposes of determining eligibility or related loan forgiveness for first draw PPP loans.

## VI. <u>COUNT TWO</u>
### <u>SBA's Final Regulations and Incorporation of the Ineligibility Rule Exceeds the SBA's Statutory Authority & Contrary to Law</u>
### 5 USC §706(2)(C)

65.     The Plaintiff incorporates herein paragraphs 1 through 64 of the Plaintiff's Petition for Review & Complaint for Declaratory Judgment as if fully stated herein.

66.     The Administrative Procedures Act (APA) authorizes judicial review of federal agency actions. 5 U.S.C. § 702.

67. The APA directs a court to "hold unlawful and set aside agency action" that is "in excess of statutory jurisdiction [or] authority." 5 U.S.C. §706(2)(C).

68. "It is axiomatic that an administrative agency's power to promulgate legislative regulations is limited to the authority delegated by Congress." Bowen v. Georgetown Univ. Hosp., 488 U.S. 204, 208 (1988). Thus, "an agency literally has no power to act…unless and until Congress confers power upon it." *La. Publ. Serv. Comm'n v. FCC*, 476 U.S. 355, 374 (1986).

69. The CARES Act provides that "in addition to small business concerns, any business concern . . . shall be eligible to receive a covered loan," subject only to the conditions that a business meet the Act's size requirement, make the required good-faith borrower certification, and have been in operation as of February 15, 2020. CARES Act §1102(a)(36)(D)(i)

70. The CARES Act, as amended, also provides that all such "eligible recipient[s] shall be eligible for forgiveness of indebtedness" provided that at least 60 percent of the PPP loan funds were used for certain payroll expenses. CARES Act § 1106(b), (d).

71. The CARES Act does not authorize the SBA to impose additional eligibility criteria for First Draw PPP loans or forgiveness, including the Ineligibility Rule, for first draw PPP loans.

72. Defendants' actions to exclude Continental from the first draw PPP loan based on 13 CFR Section 120.110(c)'s exclusion of "passive businesses owned by developers and landlords that do not actively use or occupy the assets acquired or improved with loan proceeds", exceeds its statutory authority granted by Congress.

73. The SBA's Ineligibility Rule is unlawful as it exceeds the SBA's statutory

15

authority in violation of the CARES Act and the Administrative Procedures Act.

### VII. COUNT THREE
### OHA's Decision is Arbitrary & Capricious and Abuse of Discretion
### 5 USC §706(2)(A)

74.     The Plaintiff realleges and incorporates by reference each of the proceeding paragraphs and allegations.

75.     The SBA erred by treating the Plaintiff disparately from similarly situated businesses that were deemed eligible for and received complete loan forgiveness for first-draw PPP loans.

76.     As set forth in the pleadings with the U.S. Court of Appeals for the Sixth Circuit in the *National Association of Home Builders* case, the parties moved to dismiss the Appeal and vacate the Eastern District of Michigan's decision on the basis that the issues in controversy were moot.  In so pleading, the parties acknowledged that all the businesses in the Plaintiff Class had either received the first draw PPP loans or such loans were completely forgiven.  See the attached Joint Motion to Dismiss attached as Exhibit E.

77.     Importantly, all companies within the Plaintiff Class were passive real estate developers, as that term is described in the Ineligibility Rule under 13 CFR §120.110(c) (also referred to as the "Exclusion Rule").

78.     The SBA approved the loan applications and granted full forgiveness to these passive real estate developers for first draw PPP loans.

79.     For each of these reasons, the SBA's loan determination letter and the OHA's Decisions are arbitrary and capricious and should be set aside pursuant to 5 U.S.C. §706(2)(A).

80.     Defendants' exclusion of passive businesses owned by developers and landlords that do not actively use or occupy the assets acquired or improved with loan proceeds from first-draw PPP loan eligibility, including for loan forgiveness, while granting these same PPP loans to other similarly situated businesses that are also ineligible under the SBA guidelines, is arbitrary and capricious and an abuse of discretion.  The Plaintiff is entitled to an order declaring the same.

### VIII.  COUNT FOUR
**OHA's Decision Not in Accordance with Law & Unsupported by Substantial Evidence
5 USC §706(2)(A), (E) & (F)**

81.     The Plaintiff incorporates herein paragraphs 1 through 80 of the Plaintiff's Petition for Review and Complaint as if fully stated herein.

82.     5 U.S.C. §706(2)(E) & (F) provides that a reviewing court shall hold unlawful and set aside an agency action if the findings and conclusions are found to be unsupported by substantial evidence or unwarranted by the facts.

83.     The OHA's Decisions were issued as part of the SBA's administrative appeals process after reviewing the SBA's final loan determination, the Plaintiff's appeal, and the SBA's response.

84.     The OHA, in both Decisions issued on March 21, 2023 and April 14, 2023 (in response to Petition for Reconsideration), sustained the SBA's finding that the Plaintiff was a passive entity ineligible for the first draw PPP loan under 13 CFR §120.110(c).  These findings were not accordance with the SBA's regulations and were unsupported by substantial evidence and unwarranted by the facts.

85.     The Ineligibility Rule set forth in 13 CFR §120.110(c) provides that the following type of business is ineligible for a SBA loan: "[p]assive business owned by developers and

landlords that do not actively use or occupy the assets acquired or improved with the loan proceeds."

86.    The plain language of 13 CFR §120.110(c) provides that to be deemed ineligible for a SBA loan, the business must (1) be passive, (2) be owned by a developer or landlord, and (3) not actively use or occupy the assets purchased or improved with the loan proceeds.

87.    The OHA's Decisions sustaining the SBA's loan determination unlawfully and completely bypassed and ignored the first of these three requirements.

88.    In the OHA appeal, the Plaintiff provided extensive documentation to establish that its business operations were active (i.e., providing proof of substantial wages paid to employees who provided professional development services to clientele, and by identifying and describing the sources of income related to active service operations).

89.    The OHA's Decisions sustained the SBA's ineligibility determination without making a finding as to whether Continental was a passive entity.

90.    Further, the OHA erroneously concluded that Continental did not actively use or occupy the assets purchased or improved with the loan proceeds.  Unlike other SBA loans, the first draw PPP loan was not used to purchase or improve assets.  Rather, the first draw PPP loan proceeds were required to be used to fund payroll, rent, and utilities of the active business operations.  As identified in its loan forgiveness application, Continental used the first draw PPP loan proceeds to pay for these expenses that were incurred in its active, day-to-day business operations.

91.    The OHA's Decision is not in accordance with the SBA's regulation and is

unsupported by substantial evidence and unwarranted by the facts.

92.     Based upon these reasons, this Court should find unlawful and set aside the OHA's

Decisions pursuant to the authority set forth in 5 U.S.C. §706(2)(A), (E), and (F).

## **PRAYER FOR RELIEF**

Wherefore, the Plaintiff respectfully asks the Court to order the following relief:

a. Declare unlawful and set aside the Defendants denial of Continental's loan
   forgiveness;

b. Declare that the SBA's final regulations and incorporation of the Ineligibility Rule
   from 13 CFR §120.110(c) is arbitrary and capricious;

c. Declare the SBA's Ineligibility Rule to be outside of its statutory authority under
   the CARES Act and set aside the SBA's loan determination and OHA's Decision;

d. Declare that Continental was eligible to receive a first draw PPP loan and that its
   loan should be fully forgiven;

e. Award costs and reasonable attorney fees to the extent permitted by law; and

f. Grant such other relief as this Court may deem just and proper.

                                        Respectfully submitted,

                                        **Terrence A. Grady and Associates Co., L.P.A.**


Terrence A. Grady (0020845)              Katherine R. Dodson (0078086)
100 East Broad Street, Suite 2310        100 E. Broad Street, Suite 2310
Columbus, Ohio 43215                     Columbus, Ohio 43215
Phone: (614) 849-0378                    Phone: 614-849-0376
Facsimile: (614) 849-0379                Facsimile: 614-849-0379
Email: tgrady@tgradylaw.com              Email: kdodson@tgradylaw.com

**Attorneys for Plaintiff Continental Real Estate Companies**

## EXHIBIT LISTING

| **Exhibit** | **Item** |
|---|---|
| A | OHA's April 14, 2023 Decision |
| B | SBA's December 10, 2022 Final Loan Review Decision |
| C | OHA's March 21, 2023 Decision |
| D | Complete Statutory Provision- 15 U.S.C. §636 |
| E | Joint Motion to Dismiss Filed in *National Association of Home Builders*- 6th Circuit Case No. 2:20-cv-11780 |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Complaint has been served by certified mail, postage prepaid, through summons filed with the Clerk of Courts Office this 13th day of June, 2023, upon the following:

United States of America
c/o Office of Kenneth L. Parker
Civil Process Clerk
United States Attorney
303 Marconi Boulevard, Suite 200
Columbus, OH 43215

United States of America
c/o District Counsel's Office
Small Business Administration
409 3rd Street, SW
Washington, DC 20416

United States of America
c/o Merrick Garland
Attorney General of the United States
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Isabella Casillas Guzman
Administrator, Small Business Administration
409 3rd Street, SW
Washington, DC 20416

Terrence A. Grady (0020845)
Attorney for Plaintiff Continental Real Estate
Companies