**United States Small Business Administration**
**Office of Hearings and Appeals**

PETITION FOR RECONSIDERATION:

CONTINENTAL REAL ESTATE

Petitioner

Decided: April 14, 2023

Decision No. PFR-5457717009

APPEARANCES

Katherine Dodson, Esq., Attorney for Petitioner

Sameena Nabijee, Esq., Office of General Counsel, SBA, Respondent

**DECISION**

I. Introduction and Jurisdiction

On March 30, 2023, the U.S. Small Business Administration (SBA) Office of Hearings and Appeals (OHA) received a petition for reconsideration (PFR) in the above-captioned matter from CONTINENTAL REAL ESTATE. The PFR seeks OHA's reconsideration pertaining to a Paycheck Protection Program (PPP) Loan No. 5457717009 and OHA's initial decision of March 21, 2023, DENYING the appeal of the same PPP Loan No. 5457717009

OHA has jurisdiction to decide this PFR. See 13 C.F.R. Part 134, Subpart L.

II. Background

A. Cares Act of 2020

In March 2020, in response to the COVID-19 pandemic and the resulting economic upheaval, Congress passed the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Pub. L. 116-136, 134 Stat. 281 (2020). **Section 1102 of this Act amends 15 U.S.C. § 636(a) to add another special Section 7(a) loan to the SBA's Section 7(a) loan portfolio, the Paycheck Protection Program (PPP)** [emphasis added**]**. CARES Act, Pub. L. No. 116- 136,§1102, 134 Stat. 281, 286 (2020) (codified in 15 U.S.C. §636(a)(36)).

Congress expressly provided that "[e]xcept as otherwise provided in [15 U.S.C. §636(a)(36)], the [SBA] Administrator **may** [ emphasis ad d ed ] guarantee [PPP] loans under the same terms, conditions, and processes as a loan made under [15 U.S.C. § 636(a)]." *Id.* at 287 (codified as 15 U.S.C. 636(a)(36)(B)).

The Paycheck Protection Program was aimed at helping businesses meet payroll costs and pay operating expenses to keep people employed through the economic downturn. Congress first authorized $349 billion in loans. *CARES Act* § 1102(b)(1). One month later, Congress increased this figure to more $600 billion. Paycheck Protection and Health Care Enhancement Act, Pub. L. No. 116-139, § 101(a)(1), 134 Stat. 620 (2020).

Docket No. PFR- 5457717009

Congress gave the SBA rulemaking power directly related to the PPP, specifying that SBA, not later than 15 days after the passage of the Cares Act "shall issue regulations to carry out this title," and SBA implemented and issued several interim final rules (IFRs) under the Program. *CARES Act,* § 1114, 134 Stat. at 312 (codified at 15 U.S.C. § 9012).

### A. PPP Loan Eligibility

The PPP is directed at small businesses and its principal function is to provide potentially forgivable loans to them. See 15 USC § 636(a)(36)(D)(I). The PPP loans are made under the same terms, conditions, and processes as other SBA loans, although the scope of allowable borrowers was expanded for PPP loans to generally include sole proprietorships, independent contractors, non-profit organizations, and other specified businesses, if they were operating "small" business of not more than 500 employees. 15 USC § 636(a)(36)(B) and 15 USC § 636(a) (36)(D).

An Interim Final Rule lays out how one calculates the amount which can be borrowed.  Amounts paid to independent contractors are not included in payroll costs.  However, an independent contractor is eligible for a PPP loan on their own.

As noted above, the Cares Act did not spell out loan restrictions but left it to the SBA to implement rules which would carry out Congressional intent.  The First Interim Rule modifies several general Section 7(a) loan eligibility criteria as to PPP loans.

This means that Section 1114 of the CARES Act waived the requirement for the First IFR to be published in the Federal Register.  Thus, the First IFR was effective without publication in the Federal Register and was issued for the immediate implementation of the PPP through publication on SBA's and Treasury's websites on April 2, 2020.  Consequently, publication of the rule in the Federal Register was not required, but SBA did so in furtherance of the intent of the requirement that it issue regulations to carry out the PPP.

The IFR had both an effective date and an applicability date.  April 15, 2020 is the date the IFR was published in the Federal Register, and the applicability date indicates that the IFR applies to applications submitted under the PPP through June 30, 2020, or until funds are exhausted.  85 Fed. Reg, Page 20812.

Some individuals are precluded from receiving PPP loans or being a  participant in receiving a PPP loan. Thus, for example, persons "debarred" under the SBA or Government-wide debarment regulations may not conduct business with SBA. 13 CFR §103.2(b). Individuals are precluded if they recently were convicted of or had a civil judgment rendered against them for commission of fraud or a criminal offense in connection with a public transaction or contract, violation of Federal or State antitrust statutes or commission of embezzlement, theft, forgery, bribery, falsification, or destruction of records, making false statements, or receiving stolen property. Executive Order 12549, 13 CFR part 145. Also, if a borrower or 20% or more owner of a borrower is presently involved in a bankruptcy proceeding, the borrower is ineligible for a PPP loan. SBA Form 2483-SD or SBA Form 2483-SD-C; FAQ issued April 9, 2021.

PPP loans were given only if, considering the COVID-19 pandemic, the borrowed funds were necessary to support the ongoing operations of the eligible recipient; and that the funds would be used to retain workers and maintain payroll or make mortgage payments, lease payments, and utility payments. 15 USC §636(a)(36)(F) and (G). PPP funds could not be used for compensation of employees whose principal place of residence was outside the United States,

Docket No. PFR- 5457717009

and, further, salary expenditures were capped at the equivalent of no more than $100,000 annually per employee. 15 U.S.C. § 636(a)(36)(A)(viii)(II).

As to PPP Loan Forgiveness, "[if] the loaned funds are used for specified expenses," the borrowing business could receive forgiveness of its loan. See 15 USC § 636m.

Application for, and receipt of, a PPP loan is a wholly separate process from application for, and receipt of, forgiveness of that loan. Loan forgiveness is provided for under a different, but related, statutory provision. See 15 USC 636(a)(36)(J) which makes applicable the provisions of 15 USC §636m, (that is applicable to non-PPP loans) with limitations specified for PPP loans.

The PPP loan recipient can receive loan forgiveness if it uses the funds to cover payroll and certain other expenses like mortgage interest or rent payments and utility expenses. Generally, the amount of the loan that is forgiven is the amount used to pay those costs. But the bulk of the funds, at least 60 percent, must be spent on payroll. 15 USC §636(a)(36)(J)(iv).

The list of allowable uses for PPP loan funds [15 USC § 636(a)(36)(F)] is not the same as the list of uses eligible for loan forgiveness [15 USC § 636(a)(36)(J)]. Significantly, the statutory list of allowable uses of loan funds is different from the list of uses that qualify for loan forgiveness; thus, all forgivable uses are allowable, but not all allowable uses are forgivable. For example, payments related to health care benefits and interest on debt obligations are allowable uses of loan funds, but the portion of the loan used for those payments will not be forgiven. See 15 USC §636(a)(36)(F)(i)(I) -(VII); and 15 USC §636(a)(36)(J)(iii)(I)-(VIII). Gateway at 1247. Only an eligible recipient of a PPP loan may receive loan forgiveness. 15 USC §636(a)(36)(A)(ii) and (iv); 15 USC §636m(a)(1) and (10)).

B. <u>PPP Loan Forgiveness Denial and Appeal</u>

The PPP loan forgiveness process includes an application for forgiveness for a specified dollar amount, which may be less than the full loan proceeds. The forgiveness application is made to the lender, which issues a decision on the amount of forgiveness, if any. 15 USC §636m (e), (f) and (g). Thereafter, SBA reviews the lender's decision, and if there is a denial of forgiveness, then SBA issues a FLRD.

There are four possible bases for appeal of a denial of PPP loan forgiveness. The FLRD will show forgiveness denial because the borrower:

1. <u>Was ineligible for a PPP loan.</u>

2. <u>Was ineligible for the PPP loan amount received or used the PPP loan proceeds for unauthorized uses.</u>

3. <u>Was ineligible for PPP loan forgiveness in the amount determined by the lender in its full approval or partial approval decision issued to SBA.</u>

4. <u>Was ineligible for PPP loan forgiveness in any amount when the lender has issued a full denial decision to SBA. 13 CFR §134.1201(b).</u>

These denial bases may be stated on different terms. Thus, a forgiveness denial may be because:

1. <u>The borrower was ineligible to have acquire the loan (and thus because of some characteristic of the borrower, all the loan funds were received inappropriately, and no forgiveness is warranted), or</u>

2. <u>The borrower was ineligible for the full amount received or that some or all</u>

loan proceeds were used for a non-forgivable purpose (and thus because of some characteristic of the amount or use of the funds received, some or all the funds received do not warrant forgiveness), or

3. The lender found that forgiveness was warranted (in full or in part), but the SBA found that the borrower was ineligible for some, or all the amount allowed by the lender (and thus the amount of allowable forgiveness is smaller than the lender determined), or

4. That the lender found that forgiveness was not warranted in any amount, and the SBA also found that the borrower was ineligible for forgiveness in any amount (and thus no amount of forgiveness is allowed). [Emphasis added]

The SBA's Office of Hearings and Appeals (OHA) conducts PPP appeals under the authority of 13 CFR Part 134 Subpart L. However, for OHA to have jurisdiction, SBA must have issued a Final Loan Review Decision regarding the loan at issue, as the appeal is taken from the decision contained in that Final SBA Loan Review Decision. 13 CFR §134.1201(a) - (c). The SBA's Office of Capital Access issues a Final SBA Loan Review Decision on whole or partial denials of forgiveness of PPP loans. To file and manage an appeal of a Final SBA Loan Review Decision with OHA, Petitioners must use the OHA Case Portal (the Portal) at https://appeals.sba.gov. 13 CFR §134.1202(a).

The appeal petition must include "[a] full and specific statement as to why the final SBA loan review decision is alleged to be erroneous, together with all factual information and legal arguments supporting the allegations." 13 CFR 134.1204 (a)(2). And further, "[g]enerally, the Judge may not admit evidence beyond the administrative record. 13 CFR 134.1209 (a).

C. Authority of Administrative or Administrative Law Judges

**An Administrative Judge or Administrative Law Judge has no constitutionally based judicial power**, see Ramspecky. Federal Trial Examiners Conference, 345 U.S. 128, 132-33 (1953), but are employees of the executive branch department or agency employing them. See e.g., 20 U.S.C. §1234(c) (statute establishing the Office of Administrative Law Judges within the Department of Education provides that ALJs "shall be officers or employees of the Department"). As such ALJs are bound by all policy directives and rules promulgated by their agency, including the agency's interpretations of those policies and rules [emphasis added]. See Nash v. Bowen, 869 F.2d 675, 680(2d Cir.), cert, denied, 493 U.S. 813 (1989); Mullen v. Bowen, 800 F.2d 535, 540-41 n.5 (6th Cir.1986); Brennan v. Department of Health and Human Services, 787 F.2d 1559 (Fed. Cir.), cert.denied, 479 U.S. 985 (1986); Goodman v. Svahn, 614 F. Supp. 726, 728 (D.D.C. 1985);Association of Administrative Law Judges, Inc. v. Heckler, 594 F. Supp.1132, 1141 (D.D.C.1984); c f D'Amico v. Schweiker, 698 F.2d 903, 906 (7th Cir. 1983). Accord 34 CFR §81.5(b) (embodying in Department regulations the requirement that ALJs adhere to policies and rules of the agency) [emphasis added].

Thus, an Administrative Judge has **no authority to decide the constitutionality of an SBA law, regulation, or policy or to interpret such contrary to SBA's established regulation or policy** [emphasis added].

The task at hand is to determine whether the adopted regulations and policies have been appropriately applied to the facts of the case. Neither initial nor final decisions rendered by the SBA's Office of Hearings and Appeals (OHA) under this subpart are precedential, and thus decisions in other PPP cases are not persuasive in this matter. 13 CFR §134.1212.

Docket No. PFR- 5457717009

D. PPP Loan Application, Forgiveness, FLRD and Appeal

On April 17, 2020, Appellant applied for a PPP loan of $2,922,700.00 with The Huntington National Bank ("Lender") Administrative Record "AR" at 2995-3001. On April 23, 2020, Lender approved the loan in full and disbursed the funds. AR at 3002. On September 16, 2021, Appellant applied for PPP loan forgiveness in the amount of $2,872,765.70. Supplemental Administrative Record "SAR" at Exhibit A, Page 1.

On November 1, 2021, SBA notified Appellant through its lender that it was conducting a review of the loan. AR at 2976-2977. On January 21, 2021, SBA notified Appellant through its lender that it was potentially recommending a full denial based on affiliation rules. AR at 2978-2982. A follow-up request for additional information was sent on February 22, 2022. AR at 2983-2987. Another follow-up was sent April 4, 2022. AR at 2988-2989.

Documentation was provided to SBA, but was deemed insufficient to overcome the affiliation rules. So, on September 12, 2022, SBA issued a Final Loan Review Decision ("FLRD") based on that, which it ultimately dismissed after withdrawal of the decision. (I was the judge assigned to the initial appeal as well).

A petition for reconsideration of that appeal was filed by Appellant alleging that it was not given an opportunity to respond to the motion to dismiss, and further questioned SBA's authority to withdraw the FLRD. I dismissed the Appeal as the withdrawal of the FLRD removed jurisdiction from OHA.

After withdrawal of the FLRD, SBA on December 10, 2022 issued the FLRD which is the subject of the instant appeal. Dkt. No. 2[1] , AR at 27-28.

On January 6, 2023, Appellant timely filed the instant appeal. Dkt No. 1. On January 25, 2023, I issued a Notice and Order requiring SBA to produce the AR by February 14, 2023. Dkt. No. 10. The AR, as well as the SAR, were timely filed on February 14, 2023. Dkt. No. 11 and 12. Appellant was permitted to object to the AR until February 24, 2023. No response was filed. SBA could, but was not required, to respond to the appeal until March 13, 2023. SBA timely filed its response on March 13, 2023. Dkt. No. 13. On March 21, 2023, I issued the initial decision denying the Appeal.

E. PFR of Petitioner, CONTINENTAL REAL ESTATE

On March 30, 2023, Petitioner timely filed the instant PFR. PFR Dkt. No. 1[2]. Petitioner argued in relevant part:

> The SBA's regulations, in 13 C.F.R. §120.110, set forth a listing of businesses that are ineligible for SBA loans. The OHA's March 21, 2023 Decision determined that the Appellant was ineligible for a PPP loan or related forgiveness pursuant to 13

---

[1] Docket. No. refers to the order in which documents were uploaded to the OHA Case Portal (the Portal) in the original Appeal.
[2] PFR Docket No. refers to the order in which documents were uploaded to the OHA PFR Case Portal ("the PFR Portal").

Docket No. PFR- 5457717009

CFR §120.110(c). This regulation provides that the following type of business is ineligible for a SBA loan: "[p]assive business **owned by** developers and landlords that do not actively use or occupy the assets acquired or improved with the loan proceeds." (Emphasis added).

The SBA's Standard Operating Procedure (SOP 50 10 6) provides further clarification on what constitutes a "passive business." Specifically, SOP 50 10 6, Part 2, Section A, Chapter 3(A)(3) provides a listing of seven business types that are considered "passive businesses." The SBA's loan review decision is based upon a finding that the Appellant meets the first definition of a "passive business" set forth in SOP 50 10 6, Part 2, Section A, Chapter 3(A)(3)(a), which defines an ineligible business to include "[p]assive businesses **owned by** developers and landlords that do not actively use or occupy the assets acquired or improved with the loan proceeds are not eligible." (Emphasis added).

The plain language of this regulation, and the SBA's SOP, does NOT identify developers and landlords as ineligible passive entities for the SBA loans. Rather, this regulation (and the SBA's own SOP) precludes SBA's loans to passive businesses OWNED BY developers and landlords. The subject of this exclusion is NOT the developer. It is the passive businesses ***owned by*** the developer. The plain language of 13 CFR §120.110(c) provides that in order to be deemed ineligible for a SBA loan, the business must (1) be passive, (2) be owned by a developer or landlord, and (3) not actively use or occupy the assets purchased or improved with the loan proceeds.

In its appeal, the Appellant argued that it was not a passive business or developer. As to the passive business argument- the Appellant provided extensive documentation to establish that it[s] business operations were active (i.e.[,] providing proof of substantial wages paid to employees providing professional development services to clientele, identifying and describing the Appellant's sources of income related to providing services to its clients).

With respect to the developer argument, the Appellant distinguished its business operations from a business that merely owns real estate for development. Specifically, the Appellant argued that it was not a developer or landlord, as those terms are contemplated in 13 CFR §120.110, because it does not own real estate or develop land on its own accord. Rather, much like an1 architectural firm, engineering firm, or law firm, the Appellant provides development services, for a fee, to its clientele. So, unlike the "developer or landlord" contemplated in the Regulations, Continental is providing active professional services.

In the March 21, 2023 Decision, the OHA held that the Appellant was a developer and therefore ineligible for the PPP loan or forgiveness. This is an incorrect statement of the regulation. Assuming solely for purposes of this argument that the Appellant is a developer, such finding is <u>not</u> sufficient to

6

end the inquiry as to whether the Appellant is ineligible for the PPP loan or forgiveness. Rather, the regulations set forth in 13 CFR §120.110(c) deem only the passive businesses that are **owned by** the developer to be ineligible. The ineligible business is not the developer. Rather, it is the business <u>owned by</u> the developer, and only if such business is passive. And, then, only if the passive business does not actively use or occupy the assets acquired with the loan proceeds.

The SBA's loan review decision denies the Appellant its loan forgiveness because it deems that Continental is a developer. Specifically, in the SBA's March 13, 2023 Response to the Appeal, the SBA argues "[b]y its own admission, the Appellant is a developer, which is a passive entity under the regulations, and ineligible for a PPP." The SBA's loan review decision and denial of loan forgiveness is solely based upon a finding that the Appellant is a developer. In fact, the SBA's Response to the Appeal agrees that the other examples of passive businesses as set forth in SOP 50 10 6, Section A, Chapter 3(A)(3) do not apply.

The SBA's loan review decision is based upon a clear error of both fact (Continental is not a passive business owned by developer or landlord) and law (developers are not per se passive business that are ineligible for SBA loans,[sic] it is the passive businesses that owned by the developers that do not actively use assets obtained from the loan proceeds that are ineligible). On these grounds, we request that the OHA reconsider its March 21, 2023 Decision.

F. Respondent's Reply to PFR

SBA, as respondent, was permitted to respond to the PFR until April 17, 2023.  PFR Dkt. No. 2.  Respondent timely filed its response to the PFR on April 12, 2023.  In its reply, SBA argued as follows:

> On reconsideration, Appellant alleges material errors of fact and law by OHA, both of which stem from Appellant's erroneous reading of 13 C.F.R. § 120.110(c), which states "[p]assive businesses owned by developers and landlords that do not actively use or occupy the assets acquired or improved with the loan proceeds (except Eligible Passive Companies under 120.111)" are ineligible for SBA business loans.
>
> Appellant argues that under this regulation, developers and landlords themselves are not passive entities, but only the businesses that the developers and landlords own. This is a crabbed, nonsensical reading of the provision. The owners of Appellant – Frank Kass and John Luck – are developers, as they own a self-described development company. (AR 2995-97; Response, pp. 10-11; CONTINENTAL REAL ESTATE, p. 16) In other words, Appellant is a passive business owned by two developers, and therefore was ineligible for a PPP loan and loan forgiveness.

7

Docket No. PFR- 5457717009

Finally, for purposes of this appeal, it is irrelevant how Appellant used the loan proceeds. In the PPP context, unlike other SBA business loan programs, loan proceeds are not used to acquire or improve assets: they are used for payroll costs. Therefore, the portion of section 120.110(c) stating that passive businesses do not use the "assets acquired or improved with loan proceeds" is inapplicable in the PPP context. It is sufficient that Appellant does not use or occupy the assets it acquires or improves in the course of its business to render it passive and ineligible. (Response, p. 10)

### III. Discussion

#### A. Standard of Review

A PFR may be granted by OHA upon a "clear showing of an error of fact or law material to the decision." *13 CFR §134.1211(c)(1)*.

A PFR does not allow an unsuccessful party an additional opportunity to argue its position, and the PFR must rise from a manifest error of law or mistake of fact. *Size Appeal of Envtl. Prot. Cert. Co., Inc.*, SBA No. SIZ-4935, at 2 (2008) (PFR). "A [PFR] is appropriate only in limited circumstances, such as situations where OHA has misunderstood a party, or has made a decision outside the adversarial issues presented by the parties." *Id.*, citing *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988) (*quoting Above The Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). Thus, "[t]he moving party's argument must leave the Administrative Judge with the definite and firm conviction that key findings of fact or conclusions of law of the earlier decision were mistaken." *Size Appeal of TKTM Corp.*, SBA No. SIZ-4905 (2008) (citing *Size Appeal of Taylor Consultants, Inc.*, SBA No. SIZ-4775, at 11-12 (2006)); *Size Appeal of KVA Elec., Inc.*, SBA No. SIZ-5057 (2009).

For the reasons set forth below, I **DENY the Petition For Reconsideration** of CONTINENTAL REAL ESTATE and **AFFIRM** the OHA Appeal Decision and the final SBA loan review decision.

#### B. Analysis

Regarding the Small Business Act, a Federal Court has stated: "The SBA is a federal agency created by Congress to 'aid, counsel, assist, and protect insofar as it is possible the interests of small-business concerns.' SBA v. McClellan, 364 U.S. 446, 447 (1960) (quoting Small Business Act of 1953, Pub. L. No. 83-163, §202, 67 Stat. 232, 232 (1953)). Among the "extraordinarily broad powers" that Congress gave to the agency to accomplish this objective was "lending money to small businesses whenever they could not get necessary loans on reasonable [**4] terms from private lenders." Id. The primary mechanism through which the SBA does so is a Section 7(a) loan [emphasis added], named after the section of the Small Business Act of 1958 that authorizes its issuance. These loans "may be [*823] made either directly or in cooperation with banks or other financial institutions through agreements to participate on an immediate or deferred (guaranteed) basis." 15 U.S.C. § 636(a). In practice, the SBA prefers the latter, indirect approach. United States v. Kimbell Foods, Inc., 440 U.S. 715, 719 n.3 (1979).

8

Docket No. PFR- 5457717009

Congress created the Small Business Act in 1958, and has periodically amended it, providing a broad statutory regime for Section 7(a) loans. See Small Business Act of 1958, Pub L. No. 85-536, § 7(a), 72 Stat. 384, 387-88 (1958) (codified in 15 U.S.C. § 636(a))." Over time, Congress has also created several special Section 7(a) loans and exempted them from statutory requirements that apply to ordinary Section 7(a) loans." (Emphasis added) 632 B.R. 816- 822.

In addition to the statutes, and as noted above under Section II, Subsection C. of this decision on the PFR, I am bound by all policy directives and rules promulgated by the SBA, including its interpretation of those rules and policies.

In the instant petition, Petitioner argues that SBA's decision (FLRD) and the initial decision of OHA are clearly erroneous, as it alleges that the documentation it provided established that Petitioner was an active business.  However, that conclusion is simply wrong, pursuant to 13 C.F.R. § 120.110(c), which states "[p]assive businesses owned by developers and landlords that do not actively use or occupy the assets acquired or improved with the loan proceeds (except Eligible Passive Companies under 120.111)" are ineligible for SBA business loans.

Petitioner specifically identifies itself as a development company in all of its documentation.  Owners Frank Kass and John Luck are self-identified as developers.  Passive businesses owners like Petitioner are ineligible for PPP loans, pursuant to 13 C.F.R. § 120.110(c).

### C. Conclusion

For the foregoing reasons, the instant PFR is **DENIED**. 13 C.F.R. § 134.1211(c).

Unless the SBA Administrator, solely within her discretion, elects to review and/or reverse this decision per 13 C.F.R. §134.1211(d), this decision will become the SBA's final decision 30 calendar days after it is served. See 13 C.F.R. § 134.1211(b).

The discretionary authority of the Administrator to review and/or reverse a decision does not create any additional rights of appeal on the part of an appellant not otherwise specified in SBA regulations in this chapter. See id.

Once the OHA decision becomes final or the Administrator issues a final decision, the final decision may be appealed to the appropriate Federal district court. 13 C.F.R. §134.1211(d).

This decision is non-precedential but may be published.  13 C.F.R. § 134.1211(e) and (f).

*Clifford Sturek*
_____
CLIFFORD STUREK
Administrative Judge