

**SMALL BUSINESS ADMINISTRATION**
**WASHINGTON, DC 20416**

12/10/2022

VIA FORGIVENESS PLATFORM

Claudia Naples

The Huntington National Bank

Re: PAYCHECK PROTECTION PROGRAM FINAL SBA LOAN REVIEW DECISION
    Borrower: CONTINENTAL REAL ESTATE
    SBA Loan No.: 5457717009
    Approved Loan Amount: $2,922,700.00
    Loan Approval Date: 04/05/2020
    Lender Forgiveness Decision Submission Date: 10/29/2021
    Lender Forgiveness Decision Amount: $2,872,765.70
    SBA Final Forgiveness Amount: $ 0.00

## *Dear: Claudia Naples*

The U.S. Small Business Administration (SBA) has completed its review of the above-referenced Paycheck Protection Program (PPP) loan. Based on a review of lender and/or borrower submissions, and consideration of the facts and circumstances, SBA has made a final SBA loan review decision.

---

**SBA has determined that the borrower was ineligible for the PPP loan. The reason(s) for SBA's decision is as follows:**

**After review of the documentation provided, the SBA concludes that Borrower is organized as an ineligible Passive Entity.**

**Open-source searches confirm CONTINENTAL REAL ESTATE is a developer, "We are a multidisciplinary, nationwide developer and builder of commercial real estate projects" and further states, "$3 billion+ developed, 30 million sq.ft. developed".**

**A review of the 2019 financial statements provided report development fees, professional fees and Gain from sale of affiliated interests.**

**Passive businesses owned by developers and landlords that do not actively use or occupy the assets acquired or improved with the loan proceeds (except as Eligible Passive Companies under 13 CFR § 120.111) are not**

**eligible.**

Based on the above stated reason(s), SBA has determined that forgiveness in the amount of $0.00 is appropriate. Additional details regarding the forgiveness payment amount (if any) will be provided in a Notice of Paycheck Protection Program Forgiveness Payment.

Within 5 business days of the date of this letter, you must provide a copy of this final SBA loan review decision to the borrower.

You must continue to service the loan. You must notify the borrower that the remaining balance of the loan after application of the forgiveness payment (if any) must be repaid on or before the maturity date. The notification must include the date on which the first principal and interest payment is due and the amount of the borrower's regular payment. As set forth below, if the borrower files a timely appeal with SBA's Office of Hearings and Appeals (OHA), the deferment period of the loan will be extended pursuant to 13 CFR § 134.1211.

Pursuant to 13 CFR § 134.1201(b), the borrower has the right to appeal to SBA's Office of Hearings and Appeals a final SBA loan review decision that the borrower:

1. was ineligible for a PPP loan;
2. was ineligible for the PPP loan amount received or used the PPP loan proceeds for unauthorized uses;
3. is ineligible for PPP loan forgiveness in the amount determined by the lender in its full approval or partial approval decision issued to SBA; and/or
4. is ineligible for PPP loan forgiveness in any amount when the lender has issued a full denial decision to SBA.

Any appeal must be made in accordance with the SBA Rules of Practice for Borrower Appeals of Final SBA Loan Review Decisions Under the Paycheck Protection Program, located at 13 CFR § 134.1201, *et seq.*, including but not limited to the following:

- An appeal petition must be filed with SBA's Office of Hearings and Appeals (OHA) within 30 calendar days after the borrower's receipt of the final SBA loan review decision. 13 CFR § 134.1202(a). To file and manage an appeal of a final SBA loan review decision with OHA, refer to [Office of Hearings and Appeals](#).
- Borrower must include, among other things, a copy of this final SBA loan review decision with its appeal. 13 CFR § 134.1204(a).
- Borrower must provide you (the lender) with a copy of the timely appeal petition filed with OHA so that you can extend the deferment period of the loan. 13 CFR § 134.1202(b).
- An appeal to OHA is an administrative remedy that must be exhausted before judicial review of a final SBA loan review decision may be sought in a federal district court. 13 CFR § 134.1201(d).

Thank you for your cooperation.

Sincerely,

Office of Capital Access
U.S. Small Business Administration