# IN THE UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | |
|---|---|
| NATIONAL ASSOCIATION OF HOME BUILDERS, et al., <br><br> *Appellees,* <br><br> v. <br><br> U.S. SMALL BUSINESS ADMIN-ISTRATION, et al., <br><br> *Appellants.* | No. 21-1765 <br><br> On Appeal from the United States District Court for the Eastern District of Michigan <br><br> No. 2:20-cv-11780 |

## <u>JOINT MOTION TO DISMISS FOR LACK OF JURISDICTION AND TO VACATE THE DISTRICT COURT'S OPINION AND ORDER</u>

Appellants U.S. Small Business Administration ("SBA"), Janet Yellen, Isabella Casillas Guzman, and United States of America (collectively, "Government") and Appellees National Association of Home Builders, Home Builders Association of Michigan, and Home Builders Association of Southeastern Michigan (collectively, "Home Builders") jointly move for this Court to dismiss the appeal for lack of jurisdiction; vacate the district court's Opinion and Order, RE 52; and remand the case to the Eastern District of Michigan with instructions to dismiss.

1

This case arose from the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020), which created the Paycheck Protection Program ("PPP") to provide forgivable loans for small businesses. The SBA promulgated regulations excluding certain business categories from participating in the PPP, including many of the Home Builders' members. *See* Business Loan Program Temporary Changes; Paycheck Protection Program, 85 Fed. Reg. 20,811, 20,812 (Apr. 15, 2020); Business Loan Program Temporary Changes; Paycheck Protection Program as Amended by Economic Aid Act, 86 Fed. Reg. 3,692, 3,698 (Jan. 14, 2021) (collectively, the "Exclusion Rule").

The Home Builders commenced this litigation, arguing that the Exclusion Rule was invalid because it conflicted with the CARES Act. *See* Compl., RE 1. While the case was pending, the PPP was closed to new applications on June 1, 2021. PPP Extension Act of 2021, Pub. L. No. 117-6, § 2, 135 Stat. 250 (2021). Nevertheless, the district court ultimately granted judgment for the Home Builders and barred the Government from enforcing the Exclusion Rule against the Home Builders' members, including those to which lenders had already issued loans (notwithstanding the

Exclusion Rule) and sought loan forgiveness. *See* Op., RE 52, Page ID #777.

As of July 2022, all of the Home Builders' members that received PPP loans have applied for and received any loan forgiveness to which they were entitled. And though the regulations reserve the authority for SBA to review eligibility determinations even after forgiveness, the Government has no intention of seeking repayment from the Home Builders' members in the future based on business-type ineligibility.

## ARGUMENT

### I. BOTH THIS APPEAL AND THE CASE UNDERLYING IT ARE NOW MOOT.

"[I]f a case is moot," this Court "lack[s] jurisdiction to proceed." *Ramsek v. Beshear*, 989 F.3d 494, 499 (6th Cir. 2021). That is because "under Article III, the 'federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them.'" *Ohio v. EPA*, 969 F.3d 306, 308 (6th Cir. 2020).

Both this appeal and the case underlying it are moot because "the court's decision would lack any practical effect," *Ohio*, 969 F.3d at 308, and would not "make a difference to the legal interests of the parties," *Ramsek*, 989 F.3d at 499. All of the Home Builders' members that received PPP

loans have now received the loan forgiveness to which federal law entitled them; SBA has indicated it will not reverse course and demand repayment. Because both this appeal and the underlying case are moot, the Court should dismiss the appeal.

## II. THIS COURT SHOULD VACATE THE DISTRICT COURT ORDER BELOW.

Having dismissed, this Court should also vacate the district court's judgment below and remand with instructions to dismiss, as is "the established practice" when a case becomes moot on appeal. *Coal. for Gov't Procurement v. Fed. Prison Indus., Inc.*, 365 F.3d 435, 484–85 (6th Cir. 2004). "As the Supreme Court has explained in its *Munsingwear* line of cases, '[a] party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment.'" *Ramsek*, 989 F.3d at 500 (quoting *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 25 (1994)). "This is to prevent the losing party from living with the precedential and preclusive effects of the adverse ruling without having had a chance to appeal it." *Teamsters Loc. Union No. 1199 v. Coca-Cola Consol., Inc.*, 854 F. App'x 675, 678 (6th Cir. 2021) (alteration in original).

Applying those principles points to vacatur here. The district court order prohibited the Government "from disqualifying the [Home Builders'] member businesses from receiving loans, loan guarantees, and loan forgiveness" based on the Exclusion Rule. Op., RE 52, Page ID # 777–778. The Government promptly appealed that determination, as in other PPP cases. *See Camelot Banquet Rooms, Inc. v. SBA*, 24 F.4th 640, 643–44 (7th Cir. 2022); *DV Diamond Club, LLC. v. SBA*, 960 F.3d 743, 745 (6th Cir. 2020).

But now, as discussed, all of the Home Builders' members have applied for and received any loan forgiveness to which they are entitled. Having thus been "frustrated by the vagaries of circumstance" in its appeal, the Government "ought not in fairness be forced to acquiesce in the judgment" below. *Bonner Mall*, 513 U.S. at 25; *see also Farmer v. McDaniel*, 692 F.3d 1052 (9th Cir. 2012) (mem.) (vacating district court decision because the appellant "did not have the opportunity to exhaust the entire appellate process").

## CONCLUSION

For the reasons set forth above, the Court should dismiss this appeal as moot, vacate the district court's Opinion and Order, and remand the case with instructions to dismiss.

Dated August 29, 2022.

/s/ *Jack E. Starcher*

Jack E. Starcher
Courtney L. Dixon
CIVIL DIVISION, APPELLATE STAFF
U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue NW
Washington, D.C. 20530
(202) 514-8877

*Attorneys for Appellants United States Small Business Administration, Isabella Casillas Guzman, Janet L. Yellen, and United States of America*

Respectfully submitted,

/s/ *John L. Gibbons*

Gordon D. Todd
John L. Gibbons
SIDLEY AUSTIN LLP
1501 K Street N.W.
Washington, D.C. 20005
(202) 736-8000

*Attorneys for Appellees National Association of Home Builders, Homebuilders Association of Michigan, and Homebuilders Association of Southeastern Michigan*

## CERTIFICATE OF COMPLIANCE

1. This motion complies with the type-volume limitations of Rule 27(d)(2)(A) of the Federal Rules of Appellate Procedure because it contains 867 words, excluding the parts of the motion exempted by Rule 27(a)(2)(B) and 32(f).

2. This motion complies with the typeface requirements of Rule 32(a)(5) of the Federal Rules of Appellate Procedure and the type-style requirements of Rule 32(a)(6) because this motion has been prepared in a 14-point proportionally spaced typeface, Century Schoolbook.

Dated August 29, 2022.                    /s/ John L. Gibbons
                                          *Attorney*

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2022, I caused the foregoing to be electronically filed with the U.S. Court of Appeals for the Sixth Circuit via the CM/ECF system. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system, with automatic email notifications of such filing to all attorneys of record.

Dated August 29, 2022.  /s/ John L. Gibbons
*Attorney*